# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   GARL A. FOUNTAIN,<br><br>      Plaintiff,<br><br>v.<br><br>1.   SOUTHWESTERN MEDICAL<br>      CENTER, LLC; and<br>2.   CAPELLA HEALTHCARE, INC.,<br><br>      Defendants. | Case No. CIV-15-914-R<br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Garl A. Fountain, by and through his counsel of record, STOCKTON LAW GROUP, PLLC, respectfully files his Complaint against Defendants Southwestern Medical Center, LLC, and Capella Healthcare, Inc., as follows:

## THE PARTIES

1. Plaintiff Garl A. Fountain ("**Plaintiff**" or "**Fountain**") is an individual adult male who was born in March of 1956 and who resides in Comanche County, Oklahoma.

2. Defendant Southwestern Medical Center, LLC ("**Southwestern Medical Center**") is a foreign for-profit limited liability company that conducts business in Comanche County, Oklahoma.

3. Defendant Capella Healthcare, Inc. ("**Capella Healthcare**") is a foreign for-profit corporation that conducts business in Comanche County, Oklahoma.

1

4. Southwestern Medical Center and Capella Healthcare (collectively, "**Defendants**") jointly operate, control, and employ Plaintiff and the other employees of Southwestern Medical Center. Specifically, Defendants share or co-determine matters governing the essential terms and conditions of Plaintiff's employment. Southwestern Medical Center is a wholly-owned subsidiary of Capella Healthcare. For the tax year 2014, Plaintiff received a W2 from both entities and Plaintiff was paid sick-pay through Capella Healthcare. Upon information and belief, Capella Healthcare has a significant role in setting the conditions of Plaintiff's employment, including compensation, benefits, and hours. Thus, Defendants should be considered joint employers and/or as a single employer engaged in an integrated enterprise.

## JURISDICTION & VENUE

5. This civil action arises from the wrongful termination of Plaintiff's employment and is based on the following claims: (1) age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*.; (2) disability discrimination, harassment, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1991 (as amended by the ADA Amendments Act of 2008), 42 U.S.C. § 12101, *et seq*.; and (3) interference with and/or retaliation for Plaintiff's

use or attempted use of medical leave in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq*.

6.     Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

7.     Plaintiff exhausted his administrative remedies by submitting an Intake Questionnaire and Charge of Discrimination with the Equal Employment Opportunity Commission ("**EEOC**") dated October 16, 2014. The EEOC issued its Dismissal and Notice of Rights letter dated May 27, 2015. Plaintiff hereby files this action within ninety (90) days of receipt of his Dismissal and Notice of Rights letter from the EEOC.

8.     Defendants conduct business in Comanche County, Oklahoma, and all acts complained of occurred in Comanche County, Oklahoma. Because Comanche County is located within the Western District for the United States District Courts of Oklahoma, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

9.     Plaintiff Garl A. Fountain began his employment with Southwestern Medical Center on or about October 1979. He was employed for the nearly thirty-five (35) years, until the discharge of his employment, on or about September 19, 2014.

10. When Fountain was discharged, he was working as a respiratory technician, also known as a CRT II.

11. Prior to April 2014, Fountain informed Defendants that he was being harassed at work. Fountain was told by his superiors that he was "too slow" at his job. In addition, Human Resources Director Danny Hale requested that Fountain speak with a counselor, which he did. Fountain informed the counselor that he was being harassed, and the counselor requested that Fountain see a psychiatrist.

12. During his employment, Fountain repeatedly informed Defendants that he suffered from an attention deficit disorder.

13. On or about April 2014, Fountain requested, and was granted, a medical leave of absence.

14. Specifically, Fountain requested, and was granted, a medical leave of absence for potential depression, anxiety, and stress. In addition, while Fountain was on leave, he was diagnosed as having Attention Deficit Hyperactivity Disorder.

15. Thus, Fountain was a qualified individual with a disability within the meaning of the ADA because he was disabled, had a record of a disability, or was perceived as disabled. In fact, Fountain's health conditions substantially limited one or more of his daily life activities, including but not limited to thinking and sleeping. Furthermore, Fountain's disability constituted a serious health condition under the FMLA that entitled

Fountain to medical leave under the FMLA because he received continuing treatment by his health care provider. At all relevant times, however, Fountain was able to perform the essential functions of his job with or without reasonable accommodations.

16. Fountain was on medical leave for approximately two (2) months, until on or about June 30, 2014.

17. While Fountain was off work on medical leave, Defendants hired a younger employee, who was in her twenties (20s) upon Fountain's best information and belief, to perform similar job duties to those Fountain performed prior to his medical leave.

18. Furthermore, when Capella Healthcare took over Southwestern Medical Center approximately five (5) years prior to Plaintiff's discharge, it started weeding out the older employees.

19. When Fountain returned to work, he was able to perform the essential functions of his job, with or without reasonable accommodations.

20. After he returned from medical leave, Defendants retaliated against Fountain because of his disability and because of his use of medical leave. Defendants also failed to accommodate his disability.

21. For example, on or about August 15, 2014, Fountain was disciplined by his immediate supervisor, Anneisha Coleman, and the Director of Pharmacy and Respiratory Care, Robin Garmon, for "not completely understanding" department procedures.

22. Thereafter, Defendants discharged Fountain's employment on or about September 19, 2014.

23. The stated basis for the discharge was that Defendants were eliminating Fountain's position, effective September 26, 2014.

24. The stated basis for Defendant's discharge of Fountain's employment, however, was merely pretext for discrimination and retaliation. Fountain was discharged from his employment because of his age, use of medical leave, and his disability.

25. As a result of the conduct alleged above, Fountain has suffered damages.

## THEORIES OF RECOVERY

### A. FIRST COUNT: AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

Plaintiff incorporates all prior allegations and further alleges and states as follows:

26. The matters alleged above constitute violations of the Age Discrimination in Employment Act of 1967 ("**ADEA**") in the form of age discrimination.

27. Plaintiff is entitled to relief under the ADEA because, at all times relevant to this action, Plaintiff was over the age of forty (40), was qualified for Plaintiff's position, was treated less favorably than younger employees, and was discharged because of Plaintiff's age.

28. In the alternative, Defendants' decision to eliminate Plaintiff's position had an unjustified disparate impact on Plaintiff, an employee over the age of forty (40).

29. As damages, Plaintiff has suffered lost earnings (past and future), and other equitable and compensatory damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based on Defendants' willful conduct.

**B.    SECOND COUNT: AMERICANS WITH DISABILITIES ACT OF 1991**

Plaintiff incorporates all prior allegations and further alleges and states as follows:

30. The matters alleged above constitute disability discrimination, failure to accommodate, and retaliation in violation of the Americans with Disabilities Act of 1991 ("**ADA**"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.*

31. Plaintiff is disabled under the ADA in that he was disabled, regarded as disabled, and/or had a record of a disability. Plaintiff is also substantially limited in one or more major life activities, including but not limited to thinking and sleeping. Plaintiff could, at all times relevant to this action, perform the essential functions of Plaintiff's job with or without reasonable accommodations.

32. As a direct and proximate result of Defendants' actions, Plaintiff has suffered lost income (past and future), emotional distress, and other damages, and has incurred attorney's fees and costs.

33. Because Defendants' actions were willful, wanton, or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

**C.    THIRD COUNT: FAMILY AND MEDICAL LEAVE ACT OF 1993**

Plaintiff incorporates all prior allegations and further alleges and states as follows:

34. The matters alleged above constitute interference with and/or retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act of 1993 ("**FMLA**").

35.     Plaintiff was entitled to medical leave because Plaintiff worked for Defendants, entities with more than fifty (50) employees within a seventy-five (75) mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to Plaintiff's need for leave. Furthermore, Plaintiff has a serious health condition that entitled him to leave under the FMLA.

36.     Defendants retaliated against Plaintiff's use of medical leave by disciplining him and discharging him.

37.     Defendants' actions were taken in response to Plaintiff's attempt to exercise Plaintiff's rights under the FMLA.

38.     As the direct and proximate result of Defendants' action, Plaintiff has suffered injuries and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to, lost wages (past and future), liquidated damages based on the willful violation of the law, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, emotional distress damages, liquidated damages, and punitive damages, together with pre- and post-judgment interest, costs, attorney's fees, and all other relief as this Court may deem equitable and appropriate and allowed by law.

Respectfully submitted,


<u>s/ Joshua C. Stockton</u>
Joshua C. Stockton, OBA # 21833
STOCKTON LAW GROUP, PLLC
1221 S. Holly Avenue
Yukon, OK 73099
Phone: (405) 354-1120
Fax: (405) 354-3591
Email: stocktonlawgroup@gmail.com
***Attorney for Plaintiff Garl A. Fountain***